**ORIGINAL**

# In the United States Court of Federal Claims

Pro Se
No. 14-1022C
(Filed: February 27, 2015)

**FILED**

FEB 27 2015

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JIMMI TYLER REBISH, ) | |
| ) | Tucker Act, 28 U.S.C. § 1491(a)(1); |
| Plaintiff, ) | Motion to Dismiss; RCFC 12(b)(1); |
| ) | Settlement Agreement; Breach of |
| v. ) | Contract. |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

*Jimmi Tyler Rebish*, Boise, Idaho, Plaintiff pro se.

*Agatha Koprowski*, with whom were *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, *Joyce R. Branda*, Acting Assistant Attorney General, Director Commercial Litigation Branch, Civil Division, United States Department of Justice; and Of Counsel, *Nanette Gonzales*, Attorney, United States Department of the Interior, Office of the Solicitor, for Defendant.

## OPINION AND ORDER

**Kaplan, Judge**.

This case is currently before the Court on the government's partial motion to dismiss. On October 21, 2014, the plaintiff, Jimmi Tyler Rebish, filed a pro se complaint alleging that his former employer, the Department of Interior, Bureau of Reclamation (hereinafter the "Bureau of Reclamation" or "the Bureau"), breached a settlement agreement it entered into with him in 2008 to resolve pending employment-related grievances and complaints. Mr. Rebish alleges that the Bureau of Reclamation's breaches included providing "less than neutral references" as well as "six years of reprisal or retaliation, prohibited personnel practices, confidentiality breaches and breaches of privacy act notice." Compl. ¶ 2. As a result of these actions, Mr. Rebish alleges that he has been unable to "regain employment," resulting in "financial hardship" as well as "pecuniary and non-pecuniary losses involving depression, embarrassment, humiliation, loss of professional standing and reputation, loss of enjoyment of life, adverse effect to physical health and marriage (divorce), real estate, [and] depleted retirement accounts." Id. at ¶ 3. He requests that the Court award him damages in the sum of $550,000, that it order him "reinstated as a

federal employee in a position of [his] choice," and that it further direct the restoration of "all time in service, sick leave, vacation time and Thrift Saving Plan contributions and back pay." Id.

On December 22, 2014, the government filed a partial motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). It contends that Mr. Rebish's complaint includes claims for retaliation and breach of privacy that sound in tort and are therefore beyond this Court's jurisdiction under the Tucker Act, 28 U.S.C. 1491(a). Def.'s Mot. 3. It further contends that Mr. Rebish's claims of prohibited personnel practices are outside of this Court's jurisdiction because they fall under the exclusive jurisdiction of the Merit Systems Protection Board. Id. at 3-4.

For the reasons set forth below, the Court **GRANTS-IN-PART** the government's motion to dismiss as to plaintiff's claims of reprisal, breaches of privacy, and prohibited personnel practices. The Court retains jurisdiction as to plaintiff's claim for breach of his settlement agreement with the Bureau of Reclamation, including his claim for an award of non-pecuniary damages resulting from that breach.

## BACKGROUND

As noted, Mr. Rebish alleges that the Bureau of Reclamation breached a settlement agreement it entered into with him in October, 2008 to resolve certain pending employment-related grievances and complaints. Compl. ¶ 1. See Compl. Attach. (Superseding Negotiated Settlement Agreement and General Release and Waiver—hereinafter "Agreement"). Pursuant to the agreement, Mr. Rebish agreed to withdraw with prejudice any existing complaints, appeals, charges or grievances related to his employment that arose prior to the date of the agreement or that were pending at the time of the agreement. Agreement ¶¶ 2-3. In exchange, the Bureau of Reclamation agreed to pay Mr. Rebish $6,500, in addition to the $8,500 that the Bureau had already paid him, and to keep him on paid status until October 17, 2008, after which he would be removed from the rolls based on his declination of a directed geographic reassignment. Id. at ¶¶ 4a –4b. It also agreed to place him on the Agency's Reemployment Priority List, subject to certain exceptions. Id. at ¶ 4c. In addition, the Bureau agreed to expunge his personnel file of any material related to the underlying matter, except for his letter of resignation and an SF-50 effecting his declination of the directed reassignment. Id. at ¶ 4e.

Finally, the Bureau agreed to give Mr. Rebish a neutral reference in response to any inquiries about his employment at the Bureau. Id. at ¶ 4d. Specifically, paragraph 4d provides that the Bureau agreed to:

> Upon the effective date of this Agreement, provide Grievant with a neutral reference that will be given by Ms. Ellie Hasse or her identified successor. Ms. Hasse will only provide the following information in regard to any reference check: (1) current or past position(s) and title(s); (2) current or past grade(s); and (3) dates of employment.

As noted, Mr. Rebish alleges that the Bureau breached its obligation to provide him with neutral references that would only be given by Ms. Hasse or her identified successor. Compl. ¶

2

2. He also alleges that the Bureau committed "confidentiality breaches," which the Court interprets to be an allegation that the Bureau violated paragraph seven of the settlement agreement, requiring both parties to keep the terms of the settlement agreement and the facts surrounding it confidential. Attached to Mr. Rebish's complaint are what appear to be notes of conversations with three Bureau employees or officials, including the Director of EEO and Civil Rights and a Human Resources Manager providing information and opinions about, among other things, his job performance and the circumstances of his departure from the Bureau.

## DISCUSSION

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Subject matter jurisdiction is a threshold matter, and the court must dismiss the case if it does not have jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). While complaints that are filed by pro se plaintiffs, as this one is, are held to "less stringent standards than formal pleadings drafted by lawyers" (Haines v. Kerner, 404 U.S. 519, 520 (1972)), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

It is well established that disputes over settlement agreements are governed by contract principles. Cunningham v. United States, 748 F.3d 1172, 1176 (Fed. Cir. 2014) (citing Greco v. Dep't of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988)). Thus, this Court has jurisdiction under the Tucker Act to hear claims alleging breaches of agreements settling the employment-related complaints of federal employees so long as the plaintiff "demonstrate[s] that the agreement[ ] could fairly be interpreted as contemplating money damages in the event of a breach." Holmes v. United States, 657 F.3d 1303, 1313 (Fed. Cir. 2011). See also VanDesande v. United States, 673 F.3d 1342, 1347 (Fed. Cir. 2012).

A provision in a settlement agreement in which an agency agrees to provide an employee with neutral references is one that could fairly be interpreted as contemplating money damages for its breach because it is designed to prevent an individual from being denied future employment. Holmes, 657 F.3d at 1316. Such provisions "inherently relate to monetary compensation through relationship to [the plaintiff's] future employment." Id. See also Cunningham, 748 F.3d at 1177–78. For that reason, and because the agreement itself does not include language "indicating that the parties did not intend for money damages to be available in the event of breach," Holmes, 657 F.3d at 1316, this Court has Tucker Act jurisdiction to hear Mr. Rebish's claims that the Bureau of Reclamation breached the provision in the settlement agreement requiring it to provide neutral references in response to inquiries as well as the related provision requiring both parties to maintain confidentiality with respect to the terms and conditions of the settlement agreement.[1]

On the other hand, the Court lacks jurisdiction over the allegation in plaintiff's complaint that the Bureau committed "breaches of privacy act notice." To the extent that Mr. Rebish intended to allege that the Bureau committed violations of the Privacy Act, jurisdiction over such a claim would lie in district court, not the Court of Federal Claims. See 5 U.S.C. § 552a(g)(1); Parker v. United States, 280 F. App'x 957, 958 (Fed. Cir. June 28, 2008) (non-precedential), affirming 77 Fed. Cl. 279 (2007); Madison v. United States, 98 Fed. Cl. 393, 395 (2011).

This Court similarly lacks jurisdiction over Mr. Rebish's claims of reprisal, retaliation, and the commission of prohibited personnel practices because these claims arise under the Civil Service Reform Act and are within the exclusive jurisdiction of the Merit Systems Protection Board ("MSPB"). See Worthington v. United States, 168 F.3d 24, 26-27 (Fed. Cir. 1999) (citing United States v. Fausto, 484 U.S. 439, 454 (1988) (observing that the Court of Federal Claims lacks Tucker Act jurisdiction over personnel actions and prohibited personnel practice claims that lie within the jurisdiction of the MSPB pursuant to the Civil Service Reform Act)); see also

---

[1] In its motion to dismiss, the government claims that Mr. Rebish's claims for non-pecuniary damages involving depression, embarrassment, loss of professional standing and reputation, loss of enjoyment of life, and adverse effects on his physical health and marriage "sound in tort" and thus must be dismissed as beyond this Court's Tucker Act jurisdiction. Def.'s Mot. 3. The Court does not view these allegations of non-pecuniary injuries as sounding in tort but rather as damages that Mr. Rebish is alleging he suffered as a result of the Bureau's alleged breach of contract, a claim which is squarely within this Court's jurisdiction under the Tucker Act, as described above. The Court notes that it seems very unlikely that Mr. Rebish will be able to establish entitlement to such non-pecuniary damages in connection with the particular contract claims he is pressing in this case. See Bohac v. Dep't of Agric., 239 F.3d 1334, 1340 (Fed. Cir. 2001) (observing that while limited exceptions exist "[u]nder the traditional contract law approach, 'it is well established that, as a general rule, no damages will be awarded for the mental distress or emotional trauma that may be caused by a breach of contract'" (emphasis added) (citations omitted)). Nonetheless, the Court does not view the question of Mr. Rebish's entitlement to such damages as bearing on the Court's jurisdiction to hear his claims arising out of a breach of contract and so sees no need to address the damages issues in the context of the government's motion to dismiss under RCFC 12(b)(1).

4

Price v. Panetta, 674 F.3d 1335, 1339 (Fed. Cir. 2012) ("Complaints by civil service employees regarding personnel actions covered by the Civil Service Reform Act are subject to the jurisdiction of the [MSPB] and do not give rise to actions under the Tucker Act or the Little Tucker Act.").[2] Indeed, Mr. Rebish has already pursued his claims of reprisal, retaliation, and the commission of prohibited personnel practices before the Board and the Court of Appeals for the Federal Circuit, albeit unsuccessfully. See Rebish v. MSPB, Nos. 2014-3085, 2014-3087, 2015 WL 452019 (Fed. Cir. Feb. 4, 2015).[3]

## CONCLUSION

On the basis of the foregoing, the government's partial motion to dismiss is **GRANTED-IN-PART** as to plaintiff's claims alleging retaliation, reprisal, prohibited personnel practices and violations of the Privacy Act.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge
United States Court of Federal Claims

---

[2] To the extent that Mr. Rebish's claims for retaliation and reprisal refer to something other than retaliation for whistleblowing, which is a prohibited personnel practice under 5 U.S.C.§ 2302(b)(8), such claims would nonetheless be outside of this Court's jurisdiction under the Tucker Act because they "sound in tort." See Jentoft v. United States, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (holding that claims of agency retaliation against plaintiff for exercising her statutory rights are tortious in nature and not within the Court of Federal Claims' Tucker Act jurisdiction).

[3] In its recent ruling, the Federal Circuit upheld the MSPB's dismissal of Mr. Rebish's prohibited personnel practice and reprisal claims on the grounds that "he failed to make a sufficient allegation that a disclosure he made contributed to the [agency's] decision to make the allegedly unfavorable employment references at issue" Rebish, 2015 WL 452019 at *2.